UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

**BRUCE HOLLY,**

      **Plaintiff,**

v.                                         **CASE NO. 3:13-CV-980-DJH-CHL**

**UPS SUPPLY CHAIN SOLUTIONS, INC., et al.**

      **Defendants.**

**SETTLEMENT CONFERENCE REPORT AND ORDER**

A settlement conference was conducted before the undersigned on March 23, 2015. Brent T. Ackerson and Bruce Holly participated on behalf of Plaintiff Bruce Holly ("Plaintiff"). LaQuita S. Wornor and Carrie B. Pond (counsel), and Siria Reza (client representative) participated on behalf of Defendants UPS Supply Chain Solutions, Inc. ("UPS SCS") and Jeremy Fletcher ("Fletcher") (collectively "Defendants"). As described below, the parties did not reach an agreement. The Court now faces the task of discussing its own authority to issue sanctions in relation to the conduct of parties and counsel at settlement conferences.

The settlement conference was held over the course of approximately six hours, from 12:00 p.m. to 6:00 p.m. (with occasional breaks mandated by the Court's schedule), thereby expending significant Court resources. *See Empire, Inc. v. Wal-Mart Stores, Inc.*, 188 F.R.D. 478, 481 (E.D. Ky. 1999) ("By bringing their dispute to a court for resolution, the parties have invoked the use of an expensive public resource"). Late in the day, the Court learned that Defendants did not have in attendance any individual with full authority to settle the case. Thus the participation of Defendants and their counsel in the settlement conference was not in good faith and was in contravention of an Order of the Court.

**Background**

This case involves allegations by Plaintiff that he was terminated from his employment with UPS SCS in violation of two Kentucky statutes, KRS 237.106 and KRS 527.020, as a result of Plaintiff having possessed a firearm in his vehicle while on UPS SCS premises. (*See generally* DN 1-2, Complaint.) Plaintiff also asserts a common law claim that by terminating him in contravention of these Kentucky statutes, Defendants violated the public policy exception to the at-will employment doctrine. (*Id.*) This case was referred to the undersigned to, among other tasks, "conduct a settlement conference in this matter at any time should counsel indicate that a conference would be helpful in resolving the issues." (DN 34.) During a status conference conducted by United States District Court Judge David J. Hale on March 10, 2015, the parties agreed to participate in a settlement conference on March 23, 2015. (DN 35.)

**1.     The Settlement Conference Order**

On March 13, 2015, the Court entered an Order for Settlement Conference ("Settlement Conference Order"). (DN 36.) The Settlement Conference Order contains detailed instructions for the parties in relation to their preparation for and participation in the settlement conference. In pertinent part, the Settlement Conference Order provides specific direction regarding who shall attend the settlement conference:

> [C]ounsel who will actually try the case and each party, armed with full settlement discretion, shall be present. If a corporation or other collective entity is a party, a duly authorized officer or managing agent of that party shall be present. This means that *each party must attend through a person who is fully authorized to approve a settlement and has the power to change the party's settlement posture during the course of the conference*. If the party representative has a limit, or "cap" on his or her authority which would require telephone consultation with corporate offices, this

> *requirement is not satisfied.* **COMPLIANCE WITH THIS PROVISION IS CRITICAL.**

(DN 36 at 2 (emphasis added as to third and fourth sentences; emphasis in original as to final sentence).)

The Settlement Conference Order incorporates in full an attached addendum ("Addendum"). (DN 36 at 2, 3-4.) The Addendum elaborates on the Court's requirements regarding the authority of the party representative who attends the settlement conference. Pointedly, the addendum provides, "[t]o be perfectly plain: *you must bring a fully authorized client representative to the settlement conference*. Having the client available by telephone is *not acceptable*." (DN 36 at 3, ¶ 1 (emphasis in original).) Intending to forestall the occurrence of precisely the behavior exhibited by Defendants and their lawyers in this case, the Addendum goes on to address the "question" of "when a representative is fully authorized:"

> *Principals with caps on their authority who must "call the home office" to authorize acceptance of an offer are not acceptable.* The point of a settlement conference is to have the final decision-making representatives personally participate in the settlement conference and hear the presentations of the opposite side. *Having an inadequately authorized principal defeats one of the essential purposes of the settlement conference.*

(DN 36 at 3, ¶ 1 (emphasis added).)

The Addendum further states that if an attorney "believes [his or her] case presents an exceptional circumstance which would justify a variance from these rules," the attorney may contact the Magistrate Judge's chambers on or before the deadline for parties to submit their settlement conference statements. (*Id.*) "Waivers are granted only by the Magistrate Judge and only on a showing of *specific facts constituting exceptional circumstances*." (*Id.* (emphasis added).) On March 16, 2015, the Court received Defendants' timely-submitted confidential

settlement statement.[1]  While cognizant of the confidential nature of the settlement statement, the Court believes it critical to note that Defendants *did not* request, either in their settlement statement or by any other means, a waiver of the Court's requirements regarding the full settlement authority of any party representative attending the settlement conference.

**2.      The March 23, 2015 Settlement Conference**

The settlement conference was held before the undersigned on March 23, 2015.  After approximately five hours of negotiations, the Court learned that Defendants' representative, Siria Reza ("Reza"), who is employed by Defendant UPS SCS as a Human Resources Manager, did not have full authority to approve a settlement in this case.  Specifically, after questioning Defendants' counsel in chambers for several minutes, the Court learned that Reza's authority to settle the case was *capped at a specific monetary amount*, $25,000.  Counsel for Defendants represented to the Court that Reza had some "wiggle room" to agree to an amount higher than the $25,000 cap.  When pressed, counsel were unable to define "wiggle room" sufficiently to allow the Court to grasp the actual extent of Reza's authority.  Nonetheless, it was clear to the Court that Reza lacked authority commensurate with the mandates of the Settlement Conference Order.  It was also evident to the Court that Defendants' counsel, if not Reza personally, were in telephonic communication with UPS SCS corporate offices during the settlement conference.

Upon confirming that Reza did not have the requisite authority to meaningfully participate in the settlement conference, and based on the apparent involvement of at least one individual not present in decision-making for Defendants, the Court called an end to the negotiations.  The Court called for the parties and their counsel to meet as a group.  Addressing

---

[1]    Plaintiff also timely submitted a confidential settlement statement.

4

Plaintiff, Reza, and all attorneys, the Court stated that the settlement conference had come to an unfortunate conclusion due to Defendants' gross violation of the Settlement Conference Order. The Court informed Plaintiff and his counsel that Reza had come to the settlement conference with a cap on her authority (plus the purported "wiggle room"). Both Reza and Defendants' counsel confirmed the accuracy of the Court's description of the limits of Reza's authority. The Court read aloud the portions of the Settlement Conference Order excerpted above.[2] The Court further noted that Defendants did not seek a waiver of Settlement Conference Order's requirements regarding settlement authority, despite the Addendum establishing a procedure for seeking such a waiver.

The Court noted that it has authority to award sanctions and hold in contempt parties and their counsel for their actions in relation to the settlement conference. Finally, the Court notified the parties that it would issue a report and order regarding the settlement conference. This is that report and order.

## Discussion

This case was referred to the undersigned for purposes of conducting a settlement conference. (DN 34, 35.) Indeed, the record reflects that the parties agreed to participate in a mediation. (DN 35.) Settlement conferences are an integral part of modern pretrial proceedings, as is evident from the Federal Rules of Civil Procedure. There is no doubt that the Court has authority to conduct settlement conferences, as well as to establish the terms governing such conferences. When setting a pretrial conference, "[i]f appropriate, the court may require that a

---

[2] The Court specifically noted the emphases therein. (*See* DN 36 at 2 ("*COMPLIANCE WITH THIS PROVISION IS CRITICAL.*") (emphasis in original).; *Id.* at 3, ¶ 1 ("To be perfectly plain: *you must bring a fully authorized client representative to the settlement conference* . . . Having the client available by telephone is *not acceptable*." (emphasis in original).))

party or its representative be present or reasonably available by other means to consider possible settlement." Fed. R. Civ. P. 16(c)(1); *see also id.* at (2)(I) ("At any pretrial conference, the court may consider and take appropriate action on the following matters . . . [including] settling the case and using special procedures to assist in resolving the dispute when authorized by statute or local rule.").

In addition to its authority to order settlement conferences as part of the pretrial proceedings in any civil case, the Court also has authority to issue sanctions in relation to the actions of parties or their counsel at such conferences. "When confronted with a party's defiance of its management authority, a district court is necessarily vested with considerable discretion in deciding whether to impose sanctions on that party, and, if so, in determining what form the sanctions should take." *Jones v. Winnepesaukee Realty*, 990 F.2d 1, 5 (1 Cir. 1993) (citations omitted). Rule 16(f) provides as follows:

> (1) In General. On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney:
>
> [ . . . ]
>
> (B) is substantially unprepared to participate – or does not participate in good faith – in the conference; or
>
> (C) fails to obey a scheduling or other pretrial order.

Fed. R. Civ. P. 16(f)(1)(B)-(C). The sanctions "authorized by Rule 37(b)(2)(A)(ii)-(vii)" are as follows:

> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> (iii) striking pleadings in whole or in part;

> (iv) staying further proceedings until the order is obeyed;
>
> (v) dismissing the action or proceeding in whole or in part;
>
> (vi) rendering a default judgment against the disobedient party; or
>
> (vii) treating as contempt of court the failure to obey an order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A)(ii)-(vii).  The Rules thus "clearly permit the Court to enter sanctions it deems appropriate, including partial or complete dismissal of the action,[3] for the violation of [the Settlement Conference Order (DN 36)]."  *St. Paul Fire & Marine Ins. Co. v. CEI Florida, Inc., et al.*, 152 F.R.D. 95, 97 (E.D. Mich. 1993).

The text of the Settlement Conference Order is "quite explicit."  (DN 36 at 3, ¶ 1.) Unless granted a waiver by the Court, each party participating in a settlement conference must be represented at the conference by an individual with full settlement authority.  (*Id*.)  The participation of a representative who has a cap on that authority or who must "call the home office" before committing to an offer is impermissible.  (DN 36.)  Here, Defendants plainly disobeyed the Settlement Conference Order (DN 36) by sending Reza, an individual whose authority to agree to a settlement was capped at an amount certain (purportedly with some "wiggle room"), to participate in the conference.  Moreover, throughout the course of the settlement conference, counsel for Defendants communicated telephonically with at least one other individual at UPS SCS.  These actions by Defendants and their counsel amount to blatant violations of the Settlement Conference Order.  (DN 36.)  Based upon Defendants' conduct, the court finds that Defendants and their counsel were "substantially unprepared to participate – or

---

[3] The Court notes that while *the Court* has authority to issue sanctions that would dispose of the case, pursuant to the scope of the referral in this case (DN 34), the undersigned Magistrate Judge cannot take any action that would have such dispositive effect.  This is of no moment, however, as the sanctions imposed on Defendants herein do not rise to that level.

d[id] not participate in good faith – in the conference," *and* that they "fail[ed] to obey a scheduling or other pretrial order," in violation of Rule 16(f)(1)(B) and (C), respectively. Neither counsel nor Reza offered any explanation or excuse for their conduct. Accordingly, the Court concludes that the conduct was deliberate.

"A settlement conference attended by persons with no authority to settle is not productive." *Burns v. United States*, 2003 U.S. Dist. LEXIS 13269, *19 (W.D. Ky. 2003). "[A]ll federal proceedings are expensive public resources that should not be misused." *Id.* (citing *G. Heileman Brewing Co. v. Joseph Oat Corp.*, 107 F.R.D. 275, 277 (W.D. Wis. 1985), *aff'd en banc*, 871 F.2d 648 (7th Cir. 1989)). "It is thus unquestionably a misuse of federal resources to disobey a court order designed specifically to maximize the potential for pretrial resolution of disputes." *Id.* at *19-20. Not only did Defendants and their counsel in this case misuse the Court's resources, they also wasted the time, financial resources, and good-faith efforts to settle of Plaintiff and his counsel. Plaintiff's counsel prepared a lengthy settlement conference statement and PowerPoint presentation and negotiated in good faith for the better part of one workday. Plaintiff represented to the Court that he was present for the settlement conference despite the fact that his new position of employment requires him to work third shift and significant overtime, resulting in his not having slept at all the night before the settlement conference.

The Court cannot, in any way, condone the actions of Defendants and their counsel. The Settlement Conference Order (DN 36) could not be clearer as to the Court's requirements regarding settlement authority. Counsel are presumed to have been aware of their obligations, and they had a duty to inform Defendants of their obligations. At no time did Defendants seek a

waiver of the Settlement Conference Order's dictates regarding a party representative's settlement authority. An award to Plaintiff of his attorney's fees, costs, and expenses in relation to preparation for and participation in the March 23, 2015 settlement conference is appropriate and justified in this case. "The [C]ourt hopes that the sanctions imposed here will be sufficient to convince [UPS SCS] and other similarly minded companies and individuals of this fact and prevent similar occurrences in the future." *Lockhart v. Patel*, 115 F.R.D. 44, 47 (E.D. Ky. 1987).

Accordingly, IT IS HEREBY ORDERED that

Within fourteen days of the entry of this Order, Plaintiff shall file with the Court documentation of his attorney's fees, costs, and expenses incurred in relation to preparation for and participation in the March 23, 2015 settlement conference, as well as any income lost by Plaintiff as a result of having attended the Settlement Conference.

Within ten days of filing by Plaintiff of such documentation, Defendants or their counsel shall pay Plaintiff the amount requested by Plaintiff, by such means as are preferable to Plaintiff, OR file with the Court any objections they have to Plaintiff's reported attorney's fees, costs, and expenses. Any such objections are to be limited to the reasonableness of the amounts claimed.

cc: Counsel of record
TIC: 6:00