UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

**BRUCE HOLLY,**

      **Plaintiff,**

v.                                             **CASE NO. 3:13-CV-980-DJH-CHL**

**UPS SUPPLY CHAIN SOLUTIONS, INC.,**
et al.,

      **Defendants.**

### MEMORANDUM OPINION AND ORDER DENYING
### DEFENDANTS' MOTION TO STAY

This matter is before the Court on the motion of Defendants UPS Supply Chain Solutions, Inc. ("UPS SCS") and Jeremy Fletcher (collectively "Defendants") requesting that the Court enter a stay ("Motion to Stay") (DN 45) of the Settlement Conference Report and Order ("Settlement Conference Report and Order") (DN 38) entered by the Court on March 27, 2015. Plaintiff Bruce Holly ("Plaintiff") has filed a response ("Response") (DN 47) to the Motion to Stay,[1] and Defendants have filed a reply ("Reply").[2] (DN 50.) This matter is now ripe for review.

### Background

**1. The Settlement Conference and Subsequent Report and Order**

The Court conducted a settlement conference in this matter on March 23, 2015. The parties did not reach an agreement. On March 27, 2015, the Court issued the Settlement

---

[1]     In addition to the Motion to Stay, the Response addresses several other motions filed by Defendants. (*See* DN 47.) The instant Memorandum Opinion and Order addresses only the Motion to Stay.

[2]     Like Plaintiff's Response, Defendants' Reply appears to be in support of all of Defendants' recent filings. (DN 50.) As stated above, the instant Memorandum Opinion and Order addresses only the Motion to Stay.

Conference Report and Order. The Court found that Defendants and their counsel violated, in two ways, an Order of the Court (DN 36) that set requirements for the parties' participation in the settlement conference: Defendants (1) sent for participation in the settlement conference a client representative who lacked full settlement authority; and (2) permitted at least one other UPS SCS-affiliated individual to participate telephonically in the settlement conference. (*See generally* DN 38 (discussing violations of DN 36, Order for Settlement Conference).) The Court further found that Defendants and their counsel were "substantially unprepared to participate – or d[id] not participate in good faith – in the conference," and that they "fail[ed] to obey a scheduling or other pretrial order," in violation of Rule 16(f)(1)(B) and (C) of the Federal Rules of Civil Procedure. (*Id.* at 7-8.)

The Court ordered Plaintiff to file documentation of his attorney's fees, costs, and expenses incurred in preparing for and participating in the settlement conference, as well as any income lost by Plaintiff as a result of attending the settlement conference. (DN 38 at 9.) The Court ordered Defendants or their counsel, within ten days Plaintiff's filing of such documentation, to (1) pay Plaintiff the amount requested; or (2) file with the Court any objections they have to Plaintiff's reported attorney's fees, costs, and expenses. (*Id.*) The Court ordered that any such objections were "to be limited to the reasonableness of the amounts claimed." (*Id.*)

   **2. Subsequent Filings**

The parties submitted a number of motions and other filings following the entry of the Settlement Conference Report and Order. On March 30, 2015, Defendants filed a motion to seal the Settlement Conference Report and Order. (DN 40.) On April 3, 2015, Plaintiff filed a

statement of his attorney's fees, costs, and expenses in relation to the March 23, 2015 settlement conference ("Bill of Costs"). (DN 42.) On April 9, 2015, Defendants filed the following: (1) a motion to seal their objections (DN 43) to the Settlement Conference Report and Order; (2) objections ("Objections") (DN 44 (filed under seal)) to the Settlement Conference Report and Order; and (3) the Motion to Stay. (DN 45.) On April 17, 2015, Plaintiff filed his Response. (DN 47.) On May 1, 2015, Defendants filed their Reply. (DN 50.) The instant Memorandum Opinion and Order addresses only the Motion to Stay. (DN 45.)

### 3. Defendants' Motion to Stay (DN 45)

Defendants and their counsel request that the Court "stay the execution" of the Settlement Conference Report and Order "until such time as the district judge has an opportunity to rule upon th[eir] objections." (DN 45-1 at 1.) A substantial portion of the Motion to Stay (DN 45) is devoted to a discussion of the standards of review applied by District Court judges when reviewing objections to magistrate judges' rulings on dispositive and nondispositive matters. Defendants cite two decisions for the proposition that the Sixth Circuit "has not definitively resolved the circumstances under which a magistrate judge's [order issuing sanctions] constitutes a dispositive or nondispositive matter." (DN 45-1 at 2, 2 n.1 (citing *Massey v. City of Ferndale*, 7 F.3d 506, 509-10 (6th Cir. 1993); *Bennett v. General Caster Service of N. Gordon Co., Inc.*, 976 F.2d 995 (6th Cir. 1992)).) Defendants urge the Court to "stay the execution of the [Settlement Conference Report and Order] in this case irrespective of its characterization" of the order as dispositive or nondispositive. (*Id.* at 2.)

### 4. Plaintiff's Response (DN 47)

As noted above, Plaintiff's Response (DN 47) addresses multiple motions filed by

Defendants. The Response includes a lengthy discussion of the events of the March 23, 2015 settlement conference, the Settlement Conference Report and Order, Defendants' motions to seal, and Defendants' Objections. With respect to the Motion to Stay, Plaintiff's position is that the Court should not enter a stay. Plaintiff argues that *Massey v. City of Ferndale*, 7 F.3d 506, 509-10 (6th Cir. 1993), cited by Defendants in support of a stay, is inapposite as it involved a post-judgment order for sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure, whereas this case involves a pretrial matter. (DN 47 at 7-8.)

**5. Defendants' Reply (DN 50)**

On May 1, 2015, Defendants filed a Reply (DN 50) in support of their Motion to Stay. The bulk of the Reply concentrates on Defendants' arguments in support of their Objections and two motions to seal. With respect to the Motion to Stay, Defendants simply request that the motion be granted "during the pendency of the Court's review of Defendants' Objections to the Settlement Report and Order." (DN 50 at 3.)

## Discussion

**1. The Settlement Conference Report and Order Imposed Certain Obligations on the Parties**

The Settlement Conference Report and Order closes with detailed orders for the parties. The Court ordered Plaintiff to file a bill of costs within fourteen days of the entry of the Settlement Conference Report and Order. (DN 38 at 9.) The Court gave Defendants two options following the filing by Plaintiff of a bill of costs:

> Within ten days of filing by Plaintiff of such documentation, Defendants or their counsel shall pay Plaintiff the amount requested by Plaintiff, by such means as are preferable to Plaintiff, OR file with the Court any objections they have to Plaintiff's

4

> reported attorney's fees, costs, and expenses.  Any such objections are to be limited to the reasonableness of the amounts claimed.

(*Id.*)

### a. Plaintiff's Actions

Plaintiff complied with the Settlement Conference Report and Order by timely filing his Bill of Costs.  The Bill of Costs contains a description of Plaintiff's counsel's work, as well as an itemized list of the time spent by Plaintiff's counsel and his paralegal in preparing for and participating in the March 23, 2015 settlement conference.  (DN 42 at 1-3.)  Plaintiff's counsel reports that he spent 25.6 hours preparing for and attending the settlement conference, and that his hourly rate is $250.  (*Id.* at 2.)  Multiplying 25.6 hours by $250, Plaintiff requests $6,400 for his counsel's work.  (*Id.* at 3.)  Plaintiff represents that his counsel's paralegal devoted 11.7 hours of work to the settlement conference and that the paralegal's hourly rate is $50.  (*Id.* at 2-3.)  Multiplying 11.7 hours by $50, Plaintiff requests $585 for the paralegal's work.  (*Id.* at 3.)  Plaintiff's fees request totals $6,985 for the work of both his attorney and the paralegal.  (*Id.*)

### b. Defendants' Actions

Defendants did not comply with the Settlement Conference Report and Order. Plaintiff filed his Bill of Costs on April 3, 2015.  Pursuant to the ten-day deadline set in the Settlement Conference Report and Order, Defendants were required to pay Plaintiff the amount requested *or* to file objections to the reasonableness of the amounts claimed the Bill of Costs by April 13, 2015.  (*See* DN 38 at 9.)  Defendants did neither.  Rather, Defendants filed their motions to seal, Objections, and Motion to Stay.  Filing such motions and Objections *did not* satisfy Defendants' obligations pursuant to the Settlement Conference Report and Order.

In the Motion to Stay, Defendants repeatedly state that they request a stay of the Settlement Conference Report and Order, but they fail to state which aspect(s) of the order they wish to be stayed, or to present any argument as to why entry of a stay would be appropriate under the particular circumstances of this case. (*See generally* DN 45-1.) Given that Defendants filed the Motion to Stay after Plaintiff complied with the Settlement Conference Report and Order by filing his Bill of Costs, the Court surmises that Defendants intended the Motion to Stay to be a request that the Court *stay Defendants' obligations* pursuant to the order. Based on the foregoing, the Court construes the Motion to Stay as a request that the Court enter a stay suspending Defendants' obligation to either (1) pay Plaintiff the amount requested in his Bill of Costs (DN 42); or (2) file objections to the Bill of Costs, until the Court resolves Defendants' Objections. (*See* DN 38 at 9.)

**2. Entry of a Stay is Not Justified Under the Circumstances**

Three significant factors weigh against entering a stay of the Settlement Conference Report and Order. First, neither filing objections to a magistrate judge's order nor filing a motion to stay relieves a party of its obligations under such order. Second, Defendants are in violation of the Settlement Conference Report and Order. (DN 38.) Finally, the few cases cited by Defendants in support of a stay are inapposite.

      a. <u>Defendants' Obligations Pursuant to the Settlement Conference Report and Order Remain in Effect</u>

Neither filing the Objections nor filing the Motion to Stay relieved Defendants of their obligations pursuant to the Settlement Conference Report and Order. As the Supreme Court has stated, it is a "basic proposition that all orders and judgments of courts must be complied with promptly." *Maness v. Meyers*, 419 U.S. 449, 458 (1974). "If a person to whom a court directs

an order believes that the order is incorrect, the remedy is to appeal, but, *absent a stay, he must comply promptly with the order pending appeal*." *Id.* (emphasis added).

In the context of an order entered by a magistrate judge, neither filing objections to the order nor filing a motion to stay enforcement of the order relieves a party of its duty to comply with the order. *See, e.g.*, *Guiden v. Leatt Corp.*, 2013 U.S. Dist. LEXIS 118355, *12 (W.D. Ky. 2013) ("[T]he filing of an objection does not automatically stay a Magistrate Judge's order . . .") (citing *City of Ecorse v. U.S. Steel*, 2008 U.S. Dist. LEXIS 19323, *1 (E.D. Mich. 2008)). "Merely filing a motion for such relief does not excuse the moving party from fully complying with the order appealed from until a court grants a stay and relieves the party of its obligation to comply with a challenged order." *Guiden*, 2013 U.S. Dist. LEXIS 118355 at *12 (quotations omitted); *see also City of Holland v. Fed. Ins. Co.*, 2014 U.S. Dist. LEXIS 77110, *2 (W.D. Mich. 2014) (rejecting "[p]laintiff's position[, which is] based on the unsupported and unsupportable assumption that the filing of objections to the magistrate judge's order on a nondispositive matter stays the order's operation"); *see id.* at *3 (collecting cases).

Were magistrate judges' orders to be stayed automatically due to the filing of objections or motions to stay, there would be severe consequences for our judicial system as it is presently structured. "[A]llowing the automatic stay of magistrate's orders would not only encourage the filing of frivolous appeals, but would grind the magistrate system to a halt." *Litton Industries, Inc. v. Lehman Bros. Kuhn Loeb, Inc.*, 124 F.R.D. 75, 79 (S.D.N.Y. 1989).

In this case, the law requires Defendants to comply fully with the Settlement Conference Report and Order unless a stay is entered. *See, e.g.*, *New London Tobacco Mkt., Inc. v. Ky. Fuel Corp.*, 2014 U.S. Dist. LEXIS 141262, *24-26 (E.D. Ky. 2014) (stating that absent entry of a

7

stay, defendants were required to comply with court order and issuing sanctions for failure to do so) (citations omitted).  The Court ordered Defendants to reimburse Plaintiff for his attorney's fees, costs, and expenses in connection with the settlement conference precisely because Plaintiff's preparation for and participation in the settlement conference were for naught due to Defendants' violations of an Order of the Court.

            b.   <u>Defendants Violated the Settlement Conference Report and Order</u>

The Court finds that Defendants are in violation of the Settlement Conference Report and Order. (DN 38.)  Defendants failed to satisfy either of two options for complying with the Order.  Defendants did not (1) make a payment, in any amount, to Plaintiff; or (2) "file with the Court any objections they have to" "the reasonableness of the amounts claimed" in the Bill of Costs. (DN 38 at 9.)  To be clear, the Motion to Stay is not a sufficient response or objection to the Bill of Costs.  The Settlement Conference Report and Order expressly limits the scope of Defendants' potential objections to the Bill of Costs.  (DN 38 at 9 ("Any such objections are to be limited to the reasonableness of the amounts claimed").)  The Motion to Stay does not contain any objections to the Bill of Costs, with respect to the reasonableness of amounts claimed or otherwise.  In fact, the Motion to Stay does not contain even a single reference to the Bill of Costs.  (*See generally* DN 45, 45-1.)  That Defendants had an independent right to object to the totality of the Settlement Conference Report and Order is of no moment; they simply failed—in the absence of a stay—to obey the terms of that Order.

In light of the Defendants' continuing violation of the express terms of the Settlement Conference Report and Order (DN 38), entering a stay at this juncture, based on the terms that the Court believes Defendants seek, would be inequitable.

### c. The Cases Cited by Defendants Are Inapposite

Defendants' Motion to Stay contains three case citations, none of which provides support for Defendants' request for a stay. (*See* DN 45-1 at 2, 2 n.1.) As noted above, Defendants cite two decisions of the Sixth Circuit for the proposition that "the Sixth Circuit has not definitively resolved the circumstances under which a magistrate judge's Sanctions Order constitutes a dispositive or nondispositive matter[.]" (DN 45-1 at 2 (citing *Massey v. City of Ferndale*, 7 F.3d 506, 509-10 (6th Cir. 1993); *Bennett v. General Caster Service of N. Gordon Co., Inc.*, 976 F.2d 995 (6th Cir. 1992).)

Defendants' lesson on the standard of review applicable to reviews of magistrate judges' decisions is misplaced. Whether the Settlement Conference Report and Order (DN 38) is dispositive or nondispositive is not at issue. The Court's task at this time is not to review Defendants' Objections (DN 44 (filed under seal)), but rather, to issue a ruling on the Motion to Stay. A review of the Motion to Stay does not require or involve analysis of whether the Settlement Conference Report and Order was dispositive or nondispositive or the propriety of the Court's findings therein.

With respect to *Massey* and *Bennett*, both cases involve sanctions issued after the entry of judgment. In *Massey*, the Sixth Circuit considered whether a magistrate judge had authority to grant the defendants' motion, pursuant to Rule 41 of the Federal Rules of Civil Procedure, for attorney's fees and costs.[3] *Massey*, 7 F.3d at 508. The motion for sanctions was filed, with the court's permission, on the date on which the court granted a motion for voluntary dismissal, without prejudice, filed by plaintiffs. *Id.* The Sixth Circuit held that "motions for sanctions, fees

---

[3] The magistrate judge denied defendants' request that plaintiff be sanctioned pursuant to Rule 11 of the Federal Rules of Civil Procedure.

9

and costs are not to be determined by a magistrate judge." *Id.* at 509-510.  Notwithstanding this broad statement, the Court clarified that "*such post-dismissal motions* are not 'pretrial matters' pending before the court." *Id.* at 510 (citing 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a)) (emphasis added).  The Court reasoned that the resolution of post-dismissal motions for sanctions pursuant to Rules 11 and 41 is "dispositive of a claim," and therefore, the magistrate judge should have issued a report and recommendation for de novo review by the district court. *Id.* (citations omitted).  Similarly, in *Bennett*, the Sixth Circuit determined that a magistrate judge's order purporting to grant a motion for Rule 11 sanctions following an appeal was dispositive of the matter. *Bennett*, 976 F.2d at 998.  In this case, the Court issued sanctions, *sua sponte*, after finding that Defendants violated an Order of the Court exclusively related to pretrial proceedings.  Accordingly, neither *Massey* nor *Bennett* is applicable.

Finally, Defendants cite a Supreme Court case for the principle that a district court can reserve "decisions such as whether to impose [a] sanction, how great a sanction to impose, or when to order collection." *Cunningham v. Hamilton County*, 527 U.S. 198, 210 (1999).  While this observation is an accurate statement of the Court's discretionary authority on issues related to sanctions, it has no bearing on the instant Memorandum Opinion and Order.  The fact that the Court has discretion under such circumstances does not eliminate or lessen in any way Defendants' obligation to comply with the existing Settlement Conference Report and Order.

### 3. Pending a Ruling on Defendants' Objections, Defendants Shall Reimburse Plaintiff In Full

"As the party applying for attorney fees, [Plaintiff] has the burden of showing [he is] entitled to such an award by documenting the appropriate time spent on the matter in addition to

hourly rates."[4]  *Clear Cast Group, Inc. v. Ritrama, Inc.*, 2012 U.S. Dist. LEXIS 91188, *2 (N.D. Ohio 2012) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)) (additional citations omitted).  "Such a requirement does not require the party to show exactly how each minute was spent, however the general subject matter should be contained in counsel's time sheets." *Id.* at *2-3 (citing *Hensley*, 461 U.S. at 433).  The accepted method for calculating attorney's fees is the "Lodestar" method, "whereby the hours reasonably expended by counsel are multiplied by a reasonable hourly rate commensurate with that fee rate imposed in the local legal community by counsel of similar experience."  *J & J Sports Prods., Inc. v. Cole's Place, Inc.*, 2011 U.S. Dist. LEXIS 153137, *14 (W.D. Ky. 2011) (citations omitted).  Counsel must document their hours with contemporaneous time records that specify "for each counsel the date, hours expended and nature of the work performed."  *Id.* at *14-15 (citation omitted).

      a. <u>Reasonableness of Time Spent in Relation to Settlement Conference</u>

Plaintiff filed his Bill of Costs on April 3, 2015, requesting reimbursement in the amount of $6,985 for the work of one attorney and one paralegal.  (DN 42 at 2-3.)  Plaintiff's Bill of Costs contains a list of tasks performed by Plaintiff's counsel and his paralegal in preparing for and participating in the settlement conference, including, without limitation, preparing a ten-page confidential mediation statement, preparing a PowerPoint presentation, meeting with Plaintiff, and attending the conference.  (DN 42 at 1-2.)  The Bill of Costs also provides the Court with a statement of counsel's work in relation to the settlement conference, identified by date, the

---

[4]     In many cases, awards of attorney's fees, costs, and expenses are governed by statute.  *See, e.g.*, *Greene v. Drobocky*, 2015 U.S. Dist. LEXIS 49932, *4, 12-16 (W.D. Ky. 2015) (analyzing party's right to attorney's fees pursuant to the Employee Retirement Income Security Act (ERISA)); *Coulter v. Colvin*, 2014 U.S. Dist. LEXIS 136830, *2-4 (W.D. Ky. 2014) (addressing standard for reimbursement of attorney's fees in Social Security disability cases pursuant to the Equal Access to Justice Act).  As no statutory scheme covers Plaintiff's request for fees in this case, any citations to cases applying statutory standards are for the purpose of comparison only.

amount of time expended, and the nature of the work performed. (*Id.* at 2.) Counsel provides information in the same format regarding his paralegal's work. (*Id.* at 2-3.)

Plaintiff has met his burden of showing his entitlement to the fees requested by documenting his counsel's time spent on specific tasks in preparation for and participation in the settlement conference. The "general subject matter" of each task performed by counsel is evident from the Bill of Costs. *See Ritrama*, 2012 U.S. Dist. LEXIS at *2-3. Plaintiff requests reimbursement for his attorney's fees in accordance with the Lodestar method, multiplying the hours spent by his attorney and paralegal by their hourly rates of $250 and $50, respectively. (DN 42 at 2-3.)

The Court finds that the amount of time that Plaintiff's counsel spent preparing for and participating in the settlement conference is reasonable. A majority of counsel's time preparing for the settlement conference was spent drafting and finalizing the mediation statement and working with the paralegal to prepare a PowerPoint presentation. (DN 42 at 2.) The thorough mediation statement provided to the Court by Plaintiff assisted the Court in analyzing the legal issues involved in the case, the procedural posture, and Plaintiff's position as to the potential for settlement. Moreover, as noted in the Bill of Costs, while Plaintiff's counsel did not formally put on his PowerPoint presentation, he did provide the Court with a hard copy of the presentation. (*Id.* at 2 n.1.) The Court found the PowerPoint presentation to be useful tool in synthesizing Plaintiff's position during the settlement conference and, therefore, concludes that preparing it was a worthwhile use of counsel and staff's time leading up to the settlement conference. The Court also finds reasonable counsel's statement that he devoted eight hours to the case on the

date of the mediation. (*See id.* at 2.) The settlement conference itself lasted approximately six hours, and it is reasonable for counsel to have met with his client before and after the conference.

### b. Reasonableness of Hourly Rate

The Court must also address Plaintiff's counsel's requested hourly rate of $250. "To arrive at a reasonable hourly rate, courts use as a guideline the prevailing market rate, defined as the rate that lawyers of comparable skill and experience can reasonably expect to command within the venue of the court of record." *Say v. Adams*, 2009 U.S. Dist. LEXIS 23863, *6 (W.D. Ky. 2009) (quoting *Geier v. Sundquist*, 372 F.3d 784, 791 (6th Cir. 2004)); *see Briscoe v. Preferred Health Plan, Inc.*, 2010 U.S. Dist. LEXIS 50807, *39-40 (W.D. Ky. 2010) ("*Briscoe I*") (noting that the Eastern District of Kentucky "has observed that submitting affidavits is the best way to establish the reasonableness of a rate") (quotation omitted) (*rev'd on other grounds*, 2010 U.S. Dist. LEXIS 36079 (W.D. Ky. 2010) ("*Briscoe II*")).

Plaintiff's counsel did not provide any affidavits or information regarding his level of experience in support of his requested hourly rate. However, based on decisions of this district issued over the past several years, the Court finds that Plaintiff's counsel's hourly rate of $250 is reasonable.[5] *See, e.g.*, *Briscoe I* (awarding fees at hourly rate of $225 rather than requested rate of $250 due to counsel's experience primarily being in another area of law) (*aff'd* as to hourly rate, *Briscoe II*, 2010 U.S. Dist. LEXIS 36079 at *12); *Mafcote, Inc. v. Fed. Ins. Co.*, 2010 U.S. Dist. LEXIS 137832, *11-12 (W.D. Ky. 2010) (noting without comment that attorneys'

---

[5] The Court also finds that the amount requested by Plaintiff as reimbursement for the paralegal's work is reasonable. Based on the complexity and length of the PowerPoint presentation, the Court finds that it was reasonable for the paralegal to spend 11.7 hours preparing the presentation and traveling to and from the courthouse. The Court further finds that the requested hourly rate of $50 for the work of a paralegal is reasonable. *See, e.g.*, *Hayden v. Martin Marietta Materials, Inc.*, 2012 U.S. Dist. LEXIS 156880, *21-24 (W.D. Ky. 2012) (awarding fees for paralegal's work at $100 per hour and stating that defendant "cites no controlling authority for the proposition that [a paralegal's] hours should be excluded from an award" for being "clerical in nature").

affidavits provided their typical hourly rates as $450 and $250, but they voluntarily billed client at reduced hourly rates of $235 and $200, respectively, in the case at issue); *Say*, 2009 U.S. Dist. LEXIS at *6-7 (finding hourly rate of $300 to be reasonable based on counsel's experience and affidavit of another attorney regarding such rate being comparable to other attorneys in the market with commensurate level of skill and experience).

      c.   Overall Reasonableness of Plaintiff's Request

Two additional factors weigh in favor of finding that Plaintiff's request for attorney's fees is reasonable. First, the Court is intimately familiar with counsel's work as set forth in the Bill of Costs. The depth of counsel's preparedness, on his own, with his staff, and with his client, was apparent to the Court during the course of the settlement sonference. Second, as discussed above at length, Defendants did not file a response of any kind with respect to the reasonableness of the amounts claimed in the Bill of Costs despite having been ordered by the Court to do so absent payment to the Plaintiff. Defendants' failure to object to the Bill of Costs weighs in favor of finding that that Defendants are required to reimburse Plaintiff in full.

Having concluded that Plaintiff's request for attorney's fees is reasonable and that Defendants shall reimburse him in full, the Court turns to the question of when such reimbursement should take place. The Court is cognizant of the fact that Defendants have filed Objections to the Settlement Conference Report and Order, which is the source of the requirement that Defendants reimburse Plaintiff for his attorney's fees. Ordering Defendants to compensate Plaintiff now could hypothetically lead to a cumbersome result if the Settlement Conference Report and Order were overturned in the future. For that reason, and out of an abundance of caution, Defendants' payment to Plaintiff of the amount requested in the Bill of

14

Costs (DN 42) shall be due ten days after any ruling by the District Judge upholding the Settlement Conference Report and Order. (DN 38.)

Accordingly, IT IS HEREBY ORDERED that Defendants' Motion to Stay (DN 45) is DENIED. Defendants SHALL REIMBURSE PLAINTIFF IN THE AMOUNT OF $6,985 for his attorney's fees incurred in preparation for and participation in the March 23, 2015 settlement conference. In the event that the Court upholds the Settlement Conference Report and Order (DN 38), Defendants shall make such payment, by such means as are preferable to Plaintiff, within ten days of entry of such Order.

cc: Counsel of record