UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

**BRUCE HOLLY,**

    **Plaintiff,**

v.                                                **CASE NO. 3:13-CV-980-DJH-CHL**

**UPS SUPPLY CHAIN SOLUTIONS, INC.,**
**et al.,**

    **Defendants.**

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANTS' MOTION TO**
**SEAL OBJECTIONS TO MAGISTRATE JUDGE'S REPORT AND ORDER**

This matter is before the Court on a motion for leave to seal ("Motion to Seal Objections") (DN 43) filed by Defendants UPS Supply Chain Solutions, Inc. ("UPS SCS") and Jeremy Fletcher (collectively "Defendants"). Defendants request that the Court seal their objections ("Objections") (DN 44) to the settlement conference report and order ("Settlement Conference Report and Order") (DN 38) issued by the Court on March 27, 2015. This matter is ripe for review.

## Background

**1. The Settlement Conference and Subsequent Report and Order**

The Court conducted a settlement conference ("Settlement Conference") in this matter on March 23, 2015. The parties did not reach an agreement. On March 27, 2015, the Court issued the Settlement Conference Report and Order, finding that Defendants and their counsel violated, in two ways, an Order of the Court. The Court has recounted the contents of the Settlement Conference Report and Order in two other memorandum opinions issued in this case. (*See* DN 52 (denying DN 45, Defendants' motion to stay execution of Settlement Conference Report and

Order), DN 56 (denying DN 40, Defendants' Motion to Seal Settlement Conference Report and Order).)[1]

### 2. Defendants' Motion to Seal Objections

Defendants filed their Objections and Motion to Seal Objections on April 9, 2015. (DN 43, 44.) In the Motion to Seal Objections, Defendants state that they "believe that both the Settlement Conference Report and Order and [their] Objections thereto reveal confidential settlement communications." (DN 43-1 at 1.) Defendants' citations to case law in the Motion to Seal Objections are identical to certain of their case citations in the Motion to Seal Settlement Conference Report and Order. (*See* DN 40, 43.) Defendants state that the Sixth Circuit found the existence of a formal settlement privilege "in recognition of 'the need for, and the constitutionality of, secrecy in settlement proceedings.'" (DN 43-1 at 1 (quoting *Goodyear Tire & Rubber Co. v. Chiles Power Supply, Inc.*, 332 F.3d 767 (6th Cir. 2003)).) Defendants cite a decision of the Second Circuit for the following proposition:

> Few cases would ever be settled if the press or public were in attendance at a settlement conference or privy to settlement proposals. A settlement conference is an opportunity for the parties, with the court acting as an impartial mediator, to have a frank discussion about the value of avoiding a trial.

(DN 43-1 at 1 (quoting *United States v. Glens Falls Newspapers, Inc.*, 160 F.3d 853, 858 (2d Cir. 1998)).)

---

[1] The parties submitted a number of motions and other filings following the entry of the Settlement Conference Report and Order. (DN 38.) On March 30, 2015, Defendants filed a Motion to Seal Settlement Conference Report and Order. (DN 40.) The Court denied that motion to seal. (DN 56.) On April 3, 2015, Plaintiff filed his Bill of Costs (DN 42) as directed in the Settlement Conference Report and Order. Thereafter, on April 9, 2015, Defendants filed the following: (1) the Motion to Seal Objections (DN 43); (2) the Objections (DN 44); and (3) a motion styled, "Motion to Stay March 27, 2015 Settlement Conference Report and Order" ("Motion to Stay"). (DN 45.) The Court denied the Motion to Stay on May 20, 2015. (DN 52.) On April 17, 2015, Plaintiff filed a response (DN 47) to Defendants' various filings, and on May 1, 2015, Defendants filed a reply. (DN 50.)

Defendants go on to state that their Objections to the Settlement Conference Report and Order, "similar to the Order itself, contain information regarding confidential settlement communications and should not be a matter of public record." (DN 43-1 at 2.) Defendants conclude by asserting that failure by the Court to grant the Motion to Seal Objections "will chill parties' willingness to mediate cases." (*Id.*)

### 3. Plaintiff's Response and Defendants' Reply

Plaintiff's Response and Defendants' Reply both address numerous documents filed by Defendants subsequent to the entry of the Settlement Conference Report and Order. The Court construes the Response (DN 47) as responding to Defendants' Motion to Seal Settlement Conference Report and Order (DN 40), Objections (DN 44), and Motion to Stay. (DN 45.) Based on their Reply, Defendants appear to interpret the Response as addressing their Objections and the Motion to Seal Settlement Conference Report and Order. (*See* DN 50 at 1.) The Reply does not contain any arguments related to the Motion to Seal Objections. The Court does not construe either the Response or the Reply to address the Motion to Seal Objections. (DN 43.) Based on the foregoing, the Court does not consider the Response or Reply in its analysis in the instant Memorandum Opinion and Order.

### Discussion

### 1. Joint General Order on Sealed Documents

The Eastern and Western Districts of Kentucky have, by Joint General Order, established a procedure for parties seeking to file a sealed document.

> **Civil Motion for Leave to Seal.** A party seeking to file a sealed document[2] shall electronically file a motion for leave to seal. The

---

[2]  A "sealed document" is defined as "a document or motion filed pursuant to (1) a protective order, (2) an order granting leave to file the sealed document or motion, in conjunction with a motion for leave to seal or a

>motion must state why sealing is required and whether redaction could eliminate or reduce the need for sealing. A motion for leave to seal is not required if the document is (1) already subject to a protective order or (2) included within a category of documents considered sealed under a federal statute or federal rule of procedure, local rule, or standing order of this court. The motion for leave to seal and any attachments to the motion to seal *will be* available to the public.

Joint General Order 11-01, § 8.1(a)(1) (amending Joint General Order 06-01) (emphasis in original). The document that the party wishes to have sealed "*must not be* attached to the motion, but rather *must be* electronically filed separately as a provisionally sealed document." *Id*. at § 8.1(a)(3) (emphasis in original). The document then "stays provisionally sealed until the court rules on the motion to seal." *Id.*

Defendants have complied with the procedure set forth in Joint General Order 11-01. They filed the Motion to Seal Objections and filed the Objections contemporaneously therewith. The Motion to Seal Objections states why Defendants believe sealing is required. None of the exceptions to the requirement that a motion for leave to seal be filed is present here. *See* Joint General Order 11-01, § 8.1(a)(1). Defendants filed the Objections under provisional seal. Having determined that Defendants complied with the procedural requirements for filing documents under seal, the Court turns to the question of whether the Objections ought to remain under seal.

### 2. Strong Presumption in Favor of Public Access to Judicial Documents

"Only the most compelling reasons can justify non-disclosure of judicial records." *In re The Knoxville News Sentinel Co., Inc.*, 723 F.2d 470, 476 (6th Cir. 1983) (citation omitted).

---

previously filed redacted document, or (3) included within a category of documents considered sealed under a federal statute or federal rule of procedure, local rule, or standing order of this court." Joint General Order 11-01, § 1.8. A sealed document is "not available electronically or by any other means to the parties, attorneys or the public" unless the Court orders otherwise. *Id.*

"[T]he public has both a constitutional and a common law presumptive right of access to civil proceedings and judicial records." *In re Southeastern Milk Antitrust Litig.*, 666 F. Supp. 2d 908, 915 (E.D. Tenn. 2009) (*class certification granted in part and denied in part*, *In re Southeastern Milk Antitrust Litig.*, 2010 U.S. Dist. LEXIS 94223 (E.D. Tenn. 2010)) (citing *Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1179 (6th Cir. 1983) (*rev'd on other grounds*, *FTC v. Brown & Williamson Tobacco Corp.*, 778 F.2d 35 (D.C. Cir. 1984)).

A party seeking to seal court records must show "compelling reasons" in support thereof. *In re Southeastern Milk*, 666 F. Supp. 2d at 915 (quoting *Meyer Goldberg Inc. v. Fisher Foods, Inc.*, 823 F.2d 159, 163 (6th Cir. 1987)). The party's reasoning should be based on at least one of two recognized exceptions to the "strong presumption in favor of public access: [1] those based on the need to keep order and dignity in the courtroom and [2] those which center on the content of the information to be disclosed to the public." *Id.* (quoting *Brown & Williamson*, 710 F.2d at 1179). The Sixth Circuit has recognized several interests that might justify placing records under seal. Such interests include a criminal defendant's right to a fair trial, "certain privacy rights of participants or third parties, trade secrets and national security." *Brown & Williamson*, 710 F.2d at 1179 (citing *Nixon v. Warner Commun's*, 435 U.S. 589, 598 (1978)) (additional citations omitted).

### 3. No Compelling Reasons to Seal Defendants' Objections

The Motion to Seal Objections implicates the second exception to the presumption in favor of public access, circumstances that "center on the content of the information to be disclosed to the public." *In re Southeastern Milk*, 666 F. Supp. 2d at 915. Defendants contend that their "Objections to [the] Settlement Conference Report and Order, similar to the Order itself, contain information regarding confidential settlement communications and should not be a

matter of public record." (DN 43-1 at 2.) They further claim that the Sixth Circuit's settlement communications privilege mandates that their Objections be sealed, and that failure by the Court to seal the Objections – and the Settlement Conference Report and Order – "will chill parties' willingness to mediate cases." (*Id.* at 2.)

The presiding District Judge will rule on the Objections. *See* Fed. R. Civ. P. 72(a) (providing that "[t]he district court judge in the case must consider timely objections [to nondispositive orders of magistrate judges] and modify or set aside any part of the order that is clearly erroneous or is contrary to law"). As such, the Court need not comment on the merits of the Objections. Nonetheless, in order to determine whether there are "compelling reasons" to seal the Objections, the Court must look to the contents of the Objections.

The Court finds that, under the circumstances of this case, there are no "compelling reasons" to seal Defendants' Objections. There are no privacy rights, trade secrets, or matters of national security at issue here. Defendants have merely set forth conclusory statements as to the confidentiality of the contents of their Objections and their fears regarding potential consequences of the Objections appearing in the public record. *See Brown & Williamson*, 710 F.2d at 1180 ("[N]aked conclusory statement[s]" as to potential harm to a party "fall[] woefully short of the kind of showing which raises even an arguable issue as to whether it may be kept under seal.") (quoting *Joy v. North*, 692 F.2d 880, 894 (2d Cir. 1982)). Moreover, Defendants *chose* to include in their Objections myriad details, including counsel's mental impressions, which were not necessary to support their (untrue) assertion that the Court revealed confidential information regarding their valuation of the case.[3] In the Court's view, Defendants' choice to

---

[3] Defendants presented to the Court Objections spanning some fifteen pages, accompanied by lengthy affidavits of two attorneys and Reza, the client representative. (DN 44, 44-1, 44-2, 44-3.)

6

reveal more allegedly confidential information than was necessary to make their argument is not a compelling reason to seal the Objections.

In both their Motion to Seal Settlement Conference Report and Order and their Objections, Defendants insist that the Court has revealed confidential information regarding their valuation of Plaintiff's case. Defendants fail to recognize the basis of the Court's decision to issue sanctions against Defendants and their counsel. In reality, as is discussed at length in the Memorandum Opinion and Order denying Defendants' Motion to Seal Settlement Conference Report and Order (DN 56), Defendants brought with them to the March 23, 2015 Settlement Conference a client representative who lacked full settlement authority. This was a direct violation of the Order for Settlement Conference issued by the Court prior to the conference. (*See* DN 36.) In their Objections, Defendants and their counsel chose to recount, in great detail, their version of the events surrounding the Settlement Conference. In both their Objections and the Motion to Seal Settlement Conference Report and Order, Defendants repeatedly mischaracterize the cap on their client representative's authority as their valuation of the case. This mantra—no matter how many times Defendants chose to repeat it—is simply untrue. Defendants' sanctionable conduct lay in bringing to the Settlement Conference a client representative who lacked true settlement authority, not in how they valued the case.

Defendants contend that failure to seal their Objections will chill parties' willingness to mediate cases. The Court is unpersuaded. The Settlement Conference Report and Order, in relation to which Defendants filed Objections, merely recounts Defendants' sanctionable conduct. There is no rational basis for parties in other cases to fear that their confidential settlement communications will become part of the public record because that is not what

happened in this case. Had Defendants complied with the clear terms of the Order for Settlement Conference (DN 36) by bringing to the conference a client representative who possessed full settlement authority, the Court would not have been compelled to include in the Settlement Conference Report and Order (DN 38) any of the information to which Defendants object, and likewise, Defendants would not have felt a need to file Objections. Any party wishing to avoid finding itself in Defendants' current position need only comply with the Court's Orders. Again, the Settlement Conference Report and Order contains information regarding the cap on Defendants' client representative's authority. It *does not* contain information regarding a valuation of the case by Defendants or any other settlement communications that ought to remain confidential.[4] Accordingly, the Court finds that the claimed potential chilling effect on settlement communications in other cases – or on further negotiations in this case – does not amount to a compelling reason to seal the Objections. (*See generally* DN 56 at 15-18 (addressing Defendants' arguments regarding chilling effect).)

### 4. No Settlement Communications Privilege Applies

In the Motion to Seal Objections, Defendants cite *Goodyear Tire & Rubber Co. v. Chiles Power Supply, Inc.*, 332 F.3d 976 (6th Cir. 2003) for the proposition that the Sixth Circuit has recognized the existence of a formal settlement privilege. (DN 43-1 at 1.) Defendants assert that their Objections should remain under seal because the document contains confidential settlement communications. *Goodyear* involved an issue of first impression in the circuit: whether the trial

---

[4] Relatedly, there is no evidence that the contents of the Settlement Conference Report and Order or Objections have harmed the prospect of settlement in this case. Plaintiff states in his response to Defendants' other post-Settlement Conference motions (DN 47) that the Settlement Conference Report and Order had no influence on the progress of settlement discussions in this case. (*See* DN 47 at 6 (stating that "the ridiculously low offers made [by] the Defendants and lack of any real movement in their offers had already sent a message to the Plaintiff that the only way he would possibly receive justice would be after the court ruled on [Defendants'] motion for summary judgment and/or through a verdict of a reasonable jury").) Plaintiff further states that his counsel communicated as much when Defendants' counsel reached out regarding the possibility of resuming settlement discussions. (*Id.*)

court properly denied plaintiff-appellant's motion to vacate or modify an existing confidentiality order and permit discovery of any statements made by defendant-appellee Goodyear during settlement negotiations in an action pending in another district. *Id.*

The Sixth Circuit looked to Rule 408 of the Federal Rules of Evidence, which provides as follows:

> **Rule 408.  Compromise Offers and Negotiations**
>
> **(a) Prohibited Uses.**  Evidence of the following is not admissible – on behalf of any party – either to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction:
>
> > **(1)** furnishing, promising, or offering – or accepting, promising to accept, or offering to accept – a valuable consideration in compromising or attempting to compromise the claim; and
> >
> > **(2)** conduct or a statement made during compromise negotiations about the claim – except when offered in a criminal case and when the negotiations related to a claim by a public office in the exercise of its regulatory, investigative, or enforcement authority.
>
> **(b) Exceptions.**  The court may admit this evidence for another purpose, such as proving a witness's bias or prejudice, negating a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution.

Fed. R. Evid. 408.  The Court reasoned that it was not aware of any cases in which the Rule 408 exceptions "have been used to allow settlement *communications* into evidence for any purpose," as advocated by the plaintiff-appellant, but rather, "the exceptions have been used only to admit the occurrence of settlement talks or the settlement agreement itself for 'another purpose.'" *Id.* at 981 (citations omitted) (emphasis in original).  The court concluded that "any communications made in furtherance of settlement are privileged," and that because any communications from the

9

other action were "likely not relevant" to plaintiff-appellant's case, he "ha[d] not demonstrated a legitimate, admissible use." *Id.* at 983.

The settlement communications privilege recognized by the Sixth Circuit in *Goodyear* does not apply in relation to the Motion to Seal Objections.  As Judge Russell stated in *Westlake Vinyls, Inc. v. Goodrich Corp.*, 2007 U.S. Dist. LEXIS 47857, *10 (W.D. Ky. 2007), the Sixth Circuit's holding in *Goodyear* is actually "quite limited."  Lower court opinions issued subsequent to *Goodyear* "frequently use a misnomer when referring to [the] *Goodyear* decision and tend to refer to it as creating a 'federal settlement privilege,' which implies a far more expansive ruling than the *Goodyear* panel announced." *Id.* at *10-11.  In truth, "by its own language," the privilege recognized in *Goodyear* "protects only 'communications made in *furtherance* of settlement.'"  *Id.* (quoting *Goodyear*, 332 F.3d at 983) (emphasis added in *Westlake Vinyls*).  In *Westlake Vinyls*, this Court "clarif[ied] that it does not interpret *Goodyear*, or any other binding law as creating a 'settlement privilege' broader in scope than one which shields from discovery communications made, or documents created, for the specific purpose of furthering settlement negotiations."  *Id.* at *13; *see also Winchester v. City of Hopkinsville*, 2014 U.S. Dist. LEXIS 170592, *5 (W.D. Ky. 2014) (stating that *Goodyear* does not recognize a broad 'settlement privilege,' but rather, "by its own language, it protects only communications made in furtherance of settlement") (quotation omitted).

Additionally, the language of Rule 408 demonstrates that the concerns implicated in the privilege recognized in *Goodyear* are not present in this case.  As yet, no party has attempted to enter into evidence the contents of the Objections "to prove or disprove the validity or amount of a disputed claim" or for purposes of impeachment.  *See* Fed. R. Evid. 408(a).  Nor is either of the

10

situations contemplated by Rule 408(a)(1) or (2) present here. The Court further notes that Rule 408 itself identifies certain exceptions to the general prohibition on admission of settlement communications. *See* Fed. R. Evid. 408(b) ("The court may admit this evidence for another purpose, such as proving a witness's bias or prejudice, negating a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution.").

Defendants quote a decision of the Second Circuit, *United States v. Glens Falls Newspapers, Inc.*, 160 F.3d 853, 858 (2d Cir. 1998), for the proposition that "[f]ew cases would ever be settled if the press or public were in attendance at a settlement conference or privy to settlement proposals." (DN 40-1 at 2; *see also id.* ("A settlement conference is an opportunity for the parties, with the court acting as an impartial mediator, to have a frank discussion about the value of avoiding a trial.") (quoting *Glens Falls Newspapers*, 160 F.3d at 858).) The Court agrees with the sentiments expressed by the Second Circuit in *Glens Falls Newspapers*. However, *Glens Falls Newspapers* is not binding on this Court, and in any event, the analysis therein has no bearing on this matter. The Objections do not address "frank discussion[s] about the value of avoiding a trial" or "evaluat[ions of] both the strengths and weaknesses of [the parties'] respective cases," which the Second Circuit identifies as opportunities for parties participating in settlement conferences. *Glens Falls Newspapers*, 160 F.3d at 858. The *Glens Falls Newspapers* court expressed a strong desire to settle what it described as a "complex, expensive, ten-year-old case of great public importance." Here, those concerns are not present. This is not a situation in which a third party, such as a media outlet, seeks publication of confidential documents, and there is no great public interest that might outweigh the "strong presumption" of public right of access to court proceedings. (*See also* DN 56, Memorandum

Opinion and Order denying Motion to Seal Settlement Conference Report and Order (providing extensive discussion of the *Goodyear* and *Glens Falls Newspapers* decisions, as well as other decisions cited by Defendants in the Motion to Seal Settlement Conference Report and Order).)

In the event that Plaintiff seeks admission of any aspect of the Objections in a proceeding before the District Judge in this case, Defendants are free to present arguments regarding relevance, confidentiality, or admissibility pursuant to Rule of Evidence 408 or a settlement communications privilege. At this juncture, however, neither the Sixth Circuit's decision in *Goodyear* nor Rule 408 dissuades the Court from its conclusion that the Objections should not be filed under seal.

Accordingly, IT IS HEREBY ORDERED that Defendants' Motion to Seal Objections (DN 43) is DENIED. The Clerk of Court is directed to UNSEAL Defendants' Objections (DN 44) and the exhibits thereto.

cc: Counsel of record